## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CHRISTIAN MENDEZ,**                    :
                                         :
    **Plaintiff,**                  :
                                         :
                                         :   **CIVIL ACTION FILE NO.:**
                                         :
**v.**                                   :   **1:22-CV-01445-MHC-RDC**
                                         :
**EMORY HEALTHCARE, INC.,**              :
                                         :
    **Defendant.**                  :

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Emory Healthcare, Inc. ("EHC" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint.

### I.   PLAINTIFF'S ALLEGATIONS AND PROCEDURAL BACKGROUND.[1]

Plaintiff, who is proceeding *pro se*, is a former employee of EHC.  Plaintiff worked at one of Defendant's hospitals as a Medical Technician from February 2018 until his resignation on or about December 2, 2021. (Doc. 3 at p. 4).  Plaintiff alleges

---

[1] Under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations contained in Plaintiff's pleading. Assuming, for purposes of this motion only, that all of Plaintiff's allegations are true, Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Defendant in no way admits that any of Plaintiff's allegations are true and reserves the right to file an Answer to the extent the Court does not dismiss Plaintiff's Complaint.

that his co-workers made inappropriate comments to him based on his perceived sexual orientation, which consisted of referring to him as "Christina and/or She." (Id. at 4-5).

Plaintiff alleges that after he complained to Human Resources ("HR") about the alleged comments, he received an increased workload and his work was criticized during "public and private meetings." Id. at 4.

On December 2, 2021, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), which contains allegations of sexual orientation and retaliation based on an alleged increase in his workload (Id. at 5). .[2]   Plaintiff's Charge is devoid of any claim that he was constructively discharged and does not reference his resignation.

On April 14, 2022, Plaintiff filed his Complaint using the Court's *Pro Se* Employment Discrimination Complaint Form. (Doc. 3). In his Complaint, Plaintiff checked the boxes indicating that he was raising claims under Title VII for sexual orientation discrimination. (Id. at  3). Plaintiff also indicated that he is bringing claims under state law for constructive discharge, invasion of privacy, intentional infliction of emotional distress, and negligent retention, as well as a claim under City of Atlanta Ordinance Section 94-121. (Id.).

---

[2] A true and correct copy of Plaintiff's EEOC Charge, which is referenced in the Complaint and central to his claims, is attached to Defendant's Motion to Dismiss as Exhibit 2.

## II.    LEGAL ARGUMENT AND CITATION OF AUTHORITIES.

### A. <u>The Applicable Legal Standard.</u>

#### 1. **Fed. R. Civ. P. 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) provides for a party, by motion, to assert the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). This defense may be raised at any time. <u>See</u> <u>Grupo Dataflux v. Atlas Global Grp., L.P.</u>, 541 U.S. 567, 571, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004). Federal courts have limited jurisdiction and therefore only possess power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. <u>See Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986). Thus, federal courts cannot consider claims for which they lack subject-matter jurisdiction. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 613 F.3d 1079, 1085 (11th Cir. 2010). Where, as here, a defendant raises a facial attack to the existence of subject-matter jurisdiction, the issue becomes whether the complaint sufficiently alleges a basis of subject-matter jurisdiction. <u>McElmurray v. Consol. Gov't of Augusta-Richmond Cty.</u>, 501 F.3d 1244, 1251 (11th Cir. 2007).

#### 2. **Fed. R. Civ. P. 12(b)(6).**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).

To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted)."[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Moreover, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

When reviewing a *pro se* complaint, the Court cannot rewrite the complaint to include facts that are not alleged and claims that are not articulated. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006). Further, a *pro se* litigant is still required to include allegations establishing the elements of the claims asserted, and bare legal conclusions attached to facts will not suffice. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003); see also McNeil v. U.S., 508 U.S. 106, 113 (1993)

(providing that, although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel").

Although a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), when a plaintiff has referred to documents in the complaint and such documents are central to the claims, the Court may consider those documents as part of the pleadings in this case and may consider them in resolving a Motion to Dismiss. See Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

**B. <u>Plaintiff's Title VII Allegations Do Not Plausibly Allege a Claim for Relief.</u>**

**1. Plaintiff's Hostile Work Environment Harassment Allegations.**

To state a plausible claim for hostile work environment harassment under Title VII, a plaintiff must, among other things, plead facts showing that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment. Miller v. Kenworth of Dothan Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

To determine whether conduct is objectively severe or pervasive, courts typically consider factors including: (i) the frequency of the conduct; (ii) the severity of the conduct; (iii) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (iv) whether the conduct unreasonably interferes with the employee's job performance.  Id. at 1276. These four factors are used to "delineate a minimum level of severity or pervasiveness necessary for harassing conduct to constitute discrimination in violation of Title VII."  Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999). The inquiries serve to ensure that Title VII does not become "a general civility code." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80-81 (1998).

In his Complaint, Plaintiff alleges that, in August 2020, his co-workers began referring to him as "Christina" and "She" and that this conduct "escalated" after he complained to one of Defendant's HR managers.  (Doc. 3 at p.4). These allegations, which are the only ones made in support of his harassment claim, fail to allege conduct which meets the severe element of such a claim. Indeed, Plaintiff's allegations are far less egregious than those of other cases that have been dismissed in this judicial circuit for failing to meet the severe or pervasive standard. For example, in Guthrie v. Waffle House, Inc., 460 Fed. Appx.803 (11th Cir. 2012), the alleged harasser propositioned Plaintiff for sex on several occasions, asked her out on a date

10 to 20 times, kissed her cheek, grabbed her buttocks two to five times, put his arm around her shoulder, and spoke to Plaintiff about his sexual experiences with other women, and made sexual comments to Plaintiff about wanting to "fuck" her and "lick her all over." Id. at 804-805. The Court held that Plaintiff failed to establish that the harassment was objectively severe or pervasive. Id. at 807. The Court explained that the conduct fell "well short of conduct so severe as to 'alter or change the terms of [Guthrie's] working conditions,' as determined by this court's case law; nor did Guthrie demonstrate that she felt physically threatened by the conduct, or that it prevented her from performing her job duties. Id. at 807-808.

In Ogletree v. Necco, this Court, in granting a motion to dismiss, concluded that the complained-of conduct was not severe enough to state a claim for a hostile work environment where the plaintiff alleged that one of her supervisors "made inappropriate comments to her '[o]n several occasions,'" including "ask[ing] her about her sex life and whether she was 'getting enough lately,' that [he] on one occasion kissed her on the cheek and hugged her hard enough to pick her up off the floor, and that on one occasion, [a different superior] complimented her appearance, solicited her for sex, and told her coworker 'we are going to fuck like rabbits.'" No. 1:16-cv-01858-WSD-AJB, 2016 U.S. Dist. LEXIS 165566, at *12 (N.D. Ga. Nov. 9, 2016), adopted by 2016 U.S. Dist. LEXIS 165564, (N.D. Ga. Nov. 30, 2016).

Moreover, Plaintiff has failed to allege any facts demonstrating that his co-workers' references to her as "Christina" and "She" was pervasive.  The only allegation Plaintiff makes concerning the frequency of his co-workers' alleged conduct is that it "escalated" after he complained to HR.  (Doc. 3 at p. 4). This conclusory allegation, however, should not be accepted by this Court in ruling on the instant motion.  See Oxford Asset Mgmt., Ltd., 297 F.3d 1182, 1188 (11th Cir. 2002) (providing that a court should not accept conclusory allegations when adjudicating a motion to dismiss for failure to state a plausible claim for relief); see also Ogletree v. Necco, No. 1:16-cv-01858-WSD-AJB, 2016 U.S. Dist. LEXIS 165566, at *37-41 (N.D.Ga. Nov. 9, 2016) (dismissing plaintiff's sexual harassment claim where only allegations concerning pervasiveness used conclusory words such as "replete" and "routinely"); Smith v. City of Sumiton, No. 6:12-cv-03521-RDP, 2013 U.S. Dist. LEXIS 92459, at *4 (N.D. Ala. July 2, 2013) (finding sexual harassment claim insufficiently pleaded where plaintiff had not pointed to specific facts, dates, or number and frequency of incidents).  Because Plaintiff fails to allege facts showing that Defendant's alleged conduct was frequent or severe, he has failed to plausibly allege a claim for harassment and his claim should be dismissed.

## 2. Plaintiff's Constructive Discharge Allegations.

In support of his constructive discharge claim, Plaintiff alleges that he was

forced to resign as a result of being called "Christina and/or she." (Doc. 3 at p. 5). Plaintiff's constructive discharge claim must be dismissed because he never exhausted his administrative remedies by asserting this claim in an EEOC Charge.

Before filing suit in federal court under Title VII, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). For a charge to be timely filed in Georgia, a non-deferral state, it must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. See 42 U.S.C. § 2000e-5(e)(1).

Failure to file a timely charge with the EEOC results in the claim being barred. See Alexander v. Fulton Cty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000). Because exhaustion of administrative remedies is a prerequisite to filing an employment discrimination claim, "it should be raised in a motion to dismiss," and "it is proper for a judge to consider facts outside of the pleadings." Tillery v. U.S. Dept. of Homeland Sec., 402 Fed. Appx. 421, 424 (11th Cir. 2010) (per curiam) (district court did not err in considering evidence outside the pleadings to make finding that plaintiff failed to exhaust administrative remedies) (quotation marks omitted). "When a defendant denies in a motion to dismiss that the conditions precedent to suit have been satisfied, the plaintiff bears the burden of proving otherwise." See Walker v. Dept. of Veterans

Affairs, No. 1:16-cv-35-MW-GRJ, 2017 WL 2979700, at *3 (N.D. Fla. June 9, 2017); see also Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005) ("Once a defendant contests the issue of whether the complaint was filed timely, the plaintiffs bear the burden of showing that they have met the requirement.")

Here, it is undisputed that Plaintiff failed to assert a claim for constructive discharge in the only EEOC Charge he filed. Plaintiff's EEOC Charge only contains allegations concerning harassment and retaliation based on his co-workers' alleged comments and his allegation that his workload complained after he complained to HR. (See Exhibit 1). Plaintiff's EEOC Charge is devoid of any allegation that he was constructively discharged or forced to resign his employment. (Id.). Because Plaintiff did not present a constructive discharge claim in any EEOC Charge, he cannot raise such a claim for the first time before this Court. Accordingly, Plaintiff's constructive discharge claim should be dismissed with prejudice. See Green v. Svc Mfg., Civil Action No. 1:16-cv-04156-TWT-RGV, 2017 U.S. Dist. LEXIS 123334, at * 14 (N.D.Ga. July 14, 2017) (dismissing plaintiff's constructive discharge claim under Fed. R. Civ. P. 12(b)(6) with prejudice where plaintiff failed to allege such a claim in her EEOC charge).

Plaintiff's constructive discharge claim should also be dismissed because it fails to state a claim for relief. In order to establish a claim for constructive discharge, a

plaintiff must "demonstrate that working conditions were 'so intolerable that a reasonable person in [his] position would have been compelled to resign.'" Durley v. APAC, Inc., 236 F.3d 651, 658 (11th Cir. 2000) (internal quotations omitted); see also Hill v. Winn-Dixie Stores, Inc., 934 F.2d 1518, 1527 (11th Cir. 1991) (explaining that for a constructive discharge to be shown, there must be a "high degree of deterioration in an employee's working conditions, approaching the level of 'intolerable'").

"'Establishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim.'" Palmer v. McDonald, 624 Fed. Appx. 699, 704 (11th Cir. Aug. 21, 2015) (per curiam) (quoting Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009)). As demonstrated in Section II.B.1, *supra*, Plaintiff's allegations in support of his hostile work environment harassment claim are insufficient to establish a plausible claim under Title VII; therefore, Plaintiff cannot, as a matter of law, meet the higher standard required to establish a constructive discharge claim.  See Palmer, 624 Fed. Appx. at 704 (affirming district court's dismissal of plaintiff's constructive discharge claim under Fed. R. Civ. P. 12(b)(6) because plaintiff failed to allege a plausible claim for Title VII harassment); Ogletree v. Necco, No. 1:16-cv-01858-WSD-AJB, 2016 U.S. Dist. LEXIS 165566 (N.D.Ga. Nov. 9, 2016) (granting defendant's motion to dismiss plaintiff's constructive discharge claim after finding that allegations in support of plaintiff's hostile work

environment harassment claim failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

### 3. Plaintiff's Retaliation Allegations.

Plaintiff summarily alleges that Defendant retaliated against him in violation of Title VII by assigning him more work and criticizing him during work meetings. (Doc. 3 at p. 5). A Title VII retaliation claim requires this showing: (1) the plaintiff engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010).

In the context of a retaliation claim, a materially adverse action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The acts must be significant rather than trivial. Id. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work." Id.

Here, Plaintiff failed to allege facts showing that he was subjected to a materially adverse employment action.  In this regard, he does not allege that Defendant reduced his pay, demoted him, or did anything other than make him perform more work.  Rather, Plaintiff summarily alleges that his workload was increased and he was made to perform other employees' job duties.  These allegations,

12

even if true, do not constitute an adverse action.  See Edwards v. Ambient Healthcare of Ga., Inc., 674 Fed. Appx. 926, 930 (11th Cir. 2017) (affirming district court's dismissal of plaintiff's retaliation claim under FRCP 12(b)(6) where plaintiff alleged that her employer retaliated against her by increasing her workload, issuing her a negative review, and micromanaging her work duties); Edwards v. Nat'l Vision, Inc., 568 Fed. Appx. 854, 862 (11th Cir. 2014) (finding that being assigned cleaning duties and assigned more patients than her peers did not constitute a materially adverse action under Burlington); Vadis Wright v. Conopco, Inc., 2011 U.S. Dist. LEXIS 171774, at *48 (N.D. Ga. July 29, 2011) (dismissing plaintiff's retaliation complaint under Title VII where she only made conclusory allegations about in an increased work load and being given additional assignments).   Accordingly, Plaintiff's retaliation claim fails to state a claim for relief and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff's State Law Claims Fail to Plausibly State a Claim for Relief.
### 1.    Plaintiff's Invasion of Privacy Allegations.

Under Georgia law, "invasion of privacy" is a tort-based claim which can take four forms: "(1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; [and] (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness."

Cabaniss v. Hipsley, 114 Ga. App. 367 (1966).

Plaintiff has not alleged any facts to support any of the four types of invasion of privacy claims. In support of this claim, Plaintiff merely alleges that his co-workers allegedly referred to him as "Christina and/or she.". (Doc. 3 at p. 4-5). Plaintiff fails to allege that Defendant disclosed or publicized any information about Plaintiff, or used Plaintiff's name or likeness for its advantage. Without any allegations as to false publicity or misappropriation, three of the four types of invasion of privacy outlined by Cabaniss simply do not apply. See, e.g., Williams v. Cobb Cty. Farm Bureau, Inc., 312 Ga. App. 350 (2011) (dismissing false light invasion of privacy claim absent any showing that false information was actually distributed publicly); Partners, LLC v. Bank of N. Ga., 352 Ga. App. 605 (Ga. App. 2019) (to communicate a fact concerning the plaintiff's private life to even to a small group of persons is not sufficient to constitute a public disclosure); Peacock v. Retail Credit Co., 302 F. Supp. 418, 423 (N.D. Ga. 1969) (because only defendant's clients were supplied with plaintiff's private information, this is not the type of public disclosure required to establish an invasion of privacy claim).

Moreover, a claim for intrusion into private affairs requires "a prying or intrusion" that is "offensive or objectionable to a reasonable person," Association Svcs., Inc. v. Smith, 249 Ga. App. 629 (2001), that "must be physical, analogous to a

14

trespass." <u>Peacock,</u> 302 F.Supp. at 422 (N.D. Ga. 1969) (internal citations omitted). The Complaint includes absolutely no facts to support any such inference here. Defendant is not alleged to have intruded into any premises in which Plaintiff had an expectation of privacy. Rather, Defendant alleges that all of the alleged comments made to him occurred at the workplace. Nothing alleged in the Complaint suggests a privacy interest subject to protection under Georgia's invasion of privacy concepts, or access that was "analogous to a trespass." Accordingly, Plaintiff's invasion of privacy claim should be dismissed for failure to state a claim for relief.  <u>See</u> <u>Baatz v. Mohawk Esv</u>, No. 4:20-CV-00260-HLM-WEJ, 2021 U.S. Dist. LEXIS 114223, at *14 (N.D. Ga. Apr. 22, 2021) (recommending dismissal of plaintiff's invasion of privacy claim with prejudice under FRCP 12(b)(6) where the alleged private fact was only shared with plaintiff's co-workers.), report and recommendation adopted, 2021 U.S. Dist. LEXIS 114445 (N.D.Ga. May 7, 2021).

**2. Plaintiff's Intention Infliction of Emotional Distress Allegations.**

Plaintiff's intentional infliction of emotional distress ("IIED") claim should be dismissed because the conduct alleged in the Complaint,  individually and collectively, does not approach the level of severity required to sustain such a claim under Georgia law. In order to state a IIED claim under Georgia law, a plaintiff must properly plead facts showing: (1) that the defendant engaged in intentional or reckless

conduct; (2) that the conduct was extreme and outrageous; (3) that there is a causal connection between the wrongful conduct and plaintiff's emotional distress; and (4) that plaintiff's emotional distress is severe." Gathright-Dietrich v. Atlanta Landmarks, Inc., No. 1:02-CV-1978, 2003 U.S. Dist. LEXIS 28628, at *2 (N.D. Ga. Apr. 22, 2003).

Whether a claim rises to the requisite level of outrageousness and egregiousness is a question of law to be determined by the court. Cook v. Covington Credit of Georgia, Inc., 290 Ga. App. 825 (Ga. Ct. App. 2008). Discriminatory or harassing conduct, standing alone, is not sufficient to sustain a claim for intentional infliction of emotional distress. See Atakpa v. Perimeter OB-GYN Associates, P.C., 912 F. Supp. 1566, 1577 (N.D. Ga. 1994). Indeed, the alleged conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Kaiser v. Tara Ford, Inc., 248 Ga. App. 481 (Ga. Ct. App. 2001).

Here, Plaintiff's allegations consist of his co-workers calling him "Christina" and "She" and being assigned more work after he allegedly complained to HR about his co-workers' alleged comments. Such allegations do not support a claim of intentional infliction of emotional distress because "[i]t is clear that tasteless and rude social conduct is not actionable, along with insults, indignities, threats, and petty

oppression . . . [and] 'disadvantageous employment actions standing alone cannot serve as the basis for the tort of intentional infliction of emotional distress.'" Johnson v. Douglas Cnty. Sch. Dist., 1:09-CV-01023-BBM-RGV, 2009 U.S. Dist. LEXIS 136677, at *12 (N.D. Ga. Nov. 12, 2009), report and recommendation adopted, 2009 U.S. Dist. LEXIS 136675 (N.D. Ga. Dec. 8, 2009) (internal quotations and citations omitted). This remains true even upon allegations much more severe than those alleged here, e.g., that a plaintiff was referred to by a supervisor using a racist slur. See Fortson v. Carlson, 618 Fed. Appx. 601, 609 (11th Cir. 2015) (twelve incidents in which a black employee was variously insulted a "black ass" and/or "black ass fool," and which were followed by the employee's discharge after his complaints of harassment, were insufficient to support IIED claim); Hajhossein v. City of Statesboro, Case No. 6:09-CV-048, 2010 U.S. Dist. LEXIS 12527, at *3-4 (S.D. Ga. Feb. 12, 2010) (pleading general allegations of discriminatory conduct and allegations that "certain department heads referred to him using racial slurs (i.e. 'sand n*****')" was insufficient to state a plausible claim for relief, even when coupled with allegations of racially motivated demotion or termination); see also Cook v. Covington Credit of Ga., Inc., 290 Ga. App. 825, 828-29 (2008) (the "use of a racial epithet to insult [plaintiff] during their confrontation was certainly demeaning, degrading, and insensitive, [however,] such conduct did not constitute egregious or

outrageous behavior so as to sustain a claim for [IIED]").  Accordingly, while Plaintiff co-workers' alleged references to him as "Christina" or "she" may have been insensitive, and offensive, they are not as a legal matter so pervasive, egregious, extreme, and/or outrageous to state a claim for IIED under existing precedent.  See Bailey v. Priority Ambulance, No. 1:20-cv-928-AT-JKL, 2020 U.S. Dist. LEXIS 256011, at * 12-16 (N.D.Ga. Sept. 28, 2020) (recommending the dismissal of pro se plaintiff's IIED claim premised on being called racial slurs by his supervisor), report and recommendation adopted, 2020 U.S. Dist. LEXIS 256133 (N.D.Ga. Nov. 10, 2020).

Plaintiff's IIED claim also fails to allege a claim for relief because it is devoid of sufficient detail to show that there were in fact severe mental or physical symptoms of the distress. See Sneed v. SEI/Aaron's, Inc., No. 1:13-CV-982-TWT, 2013 U.S. Dist. LEXIS 177266, at *4 (N.D. Ga. Dec. 18, 2013) (dismissing IIED claim where plaintiff alleged only conclusory allegations of emotional distress without "any physical symptoms or further mental symptoms, or [other] details," and there was "no indication that she has sought professional help"). Plaintiff's conclusory allegations of emotional distress (see Doc. 3 at p. 4 ("The conduct as described herein was so outrageous it altered the terms and conditions of employment and caused me severe emotional distress.")), without more, are insufficient to suggest a plausible claim for

relief. See Brooks v. Branch Banking & Tr. Co., 107 F. Supp. 3d 1290, 1302 (N.D. Ga. 2015) (dismissing IIED claim where complaint alleged only "conclusory allegations that she was naturally humiliated and embarrassed, that she was emotionally upset, and that she was damaged are insufficient to demonstrate the requisite severity"). For these reasons, the Court should dismiss Plaintiff's IIED claim. See Bailey, 2020 U.S. Dist. LEXIS 256011, at * 12 (recommending dismissal of *pro se* plaintiff's IIED claim where he summarily alleged that, "these intentional actions has [sic] led to severe emotional distress . . . ."); report and recommendation adopted, 2020 U.S. Dist. LEXIS 256133 (N.D.Ga. Nov. 10, 2020).

### 3. Plaintiff's Negligent Retention Allegations.

Under Georgia law, a negligent retention claim is "derivative and cannot survive without an underlying tort." Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1329 (N.D. Ga. 2009) (citing MARTA v. Mosley, 280 Ga. App. 486, 490 (2006)). Because Plaintiff's invasion of privacy and IIED claims are ripe for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, Plaintiff's negligent retention claim fails as well. Morris v. United States, No. 1:06-CV-2535-GGB, 2007 U.S. Dist. LEXIS 26708, *9 (N.D. Ga. Apr. 11, 2007) ("Although Defendant has not yet had an opportunity to move for dismissal of this claim, given the Court's findings with respect to Plaintiff's claim of negligence per se, his negligent retention claim must also be dismissed for want of an underlying tort.").

**D.  The Court Lacks Jurisdiction over Plaintiff's Claim for Violation of an Atlanta Ordinance.**

Plaintiff's Complaint includes a claim under Article V, Section 94-121 of the City of Atlanta Human Relations Code . (Doc. 3 at p. 3). Notably, the Human Relations Code does not provide for any type of monetary damages or any other type of legal relief.  Moreover, under Article VI of the Code entitled "Enforcement," aggrieved individuals may, "[i]n addition to or in lieu of filing a complaint with the human relations commission, an aggrieved person may seek prosecution of alleged violations of the human relations ordinance in Atlanta Municipal Court as in other cases of alleged ordinance violations pursuant to section 62-26, et seq., of the Code of Ordinances. The Georgia Constitution and statutes provide that "[m]unicipal courts shall have jurisdiction over ordinance violations." Ga. Const. art. VI, § I, ¶ I; see also O.C.G.A. § 15-7-84 (providing for the enforcement of alleged violations of municipal ordinances in municipal courts).  For these reasons, this Court does not have subject matter jurisdiction over Plaintiff's claim that Defendant violated the Atlanta Human Relations Code and even if it did, this Court is not the proper venue for this claim. See Jihad v. Atlanta Landmarks, 2011 Ga. State LEXIS 623 (Fulton County State Court Dec.9, 2011) (dismissing plaintiff's claim under the Atlanta Human Relations Code due to lack of subject matter jurisdiction).

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant

its motion to dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 8th day of July, 2022.

**LEWIS BRISBOIS BISGAARD SMITH, LLP**

By:    /s/ *Toni J. Read*
      John  S. Snelling
      Georgia Bar No. 665759
      Toni J. Read
      Georgia Bar No. 140982
      600 Peachtree Street, N.E.
      Suite 4700
      Atlanta, GA 30308
      (404) 567-6588 (telephone)
      (404) 467-8845 (facsimile)
      john.snelling@lewisbrisbois.com
      toni.read@lewisbrisbois.com

      ***Attorneys for Defendant***
      ***Emory Healthcare, Inc.***

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in TimesNew Roman 14 count.

/s/ *Toni J. Read*
Toni J. Read

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of July, 2022, a true and exact copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system and has been sent via U.S. Mail, postage prepaid and addressed as follows to Plaintiff:

> Christian Mendez
> 150 Hutchinson Street NE, Unit #708
> Atlanta, GA 30307


> /s/ Toni J. Read
> Toni J. Read